IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.        **CRIMINAL NO. 2:20-CR-20-KS-MTP**

**ROBERT EARL TWILLIE, JR.**

### ORDER

On May 13, 2021, the Court sentenced Defendant to 100 months of imprisonment followed by 5 years of supervised release. This sentence varied downward from the guidelines, as the applicable guideline range was 108 to 135 months of imprisonment.

On May 19, 2021, Defendant filed a Motion to Correct or Reduce [36] his sentence. Therein, Defendant noted that the Government agreed to recommend that he be sentenced in the lower half of the applicable guideline range as computed by the Court. However, Defendant asserted that the "government completed and submitted to the court a Pre-Sentencing Investigation Report" that did not mention the agreed recommendation. Defendant argues that the Government's recommendation should have resulted in a sentence lower than he received. Defendant only identified one alleged error in the Court's calculation of the sentencing guidelines; he contends that he is eligible for the "safety valve" for federal mandatory minimum sentences.

First, the Court notes that the United States Attorney's Office does not

complete the Presentence Investigation Report. Rather, the United States Probation Service compiles the PSR. The Court also notes that Defendant did not object to the PSR at sentencing.

Second, the Government did, in fact, fulfill its obligation under the plea agreement by making a recommendation at sentencing that Defendant receive a sentence in the lower half of the applicable guideline range as calculated by the Court. The Government's attorney specifically referred to the recommendation in the plea supplement filed under seal.

Third, the Court actually went further than the Government's recommendation and varied downward from the applicable guideline range.

Fourth, Defendant has the burden of demonstrating that he is eligible for the safety-valve adjustment. *United States v. McCrimmon*, 443 F.3d 454, 457 (5th Cir. 2006). He made no safety-valve argument at sentencing, and he has not carried his burden here. The Court found at sentencing that Defendant possessed a firearm in connection with the offense, and added two levels accordingly. *See* U.S.S.G. § 2D1.1(b)(1). Defendant did not object to this two-level enhancement at sentencing, and he did not object to the factual finding that he possessed a firearm in connection with the offense. Therefore, having possessed a firearm in connection with the offense, he is ineligible for the safety-valve adjustment. *See* 18 U.S.C. § 3553(f)(2); U.S.S.G. § 5C1.2(a)(2).

Finally, to the extent it has committed any error in the calculation of the

guidelines, the Court finds that it would have imposed the same sentence based on Defendant's characteristics and the circumstances and nature of the offense.

For all these reasons, the Court **denies** Defendant's Motion to Correct or Reduce Sentence [36].

SO ORDERED AND ADJUDGED this 25th day of May, 2021.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE
